UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Dale Smart, #272017, ) | C/A No. 2:13-3105-GRA-BHH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Governor Nikki Haley; State of South ) | |
| Carolina; Agents of the Attorney General, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Robert Dale Smart ("Plaintiff"), proceeding *pro se*, filed the within action seeking to bring civil claims against the named Defendants. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e), D.S.C., the undersigned is authorized to review the pleadings within and submit findings and recommendations to the district judge.

Factual and Procedural Background

Plaintiff contends that he has brought this action against Defendant Governor Nikki Haley "due to the continuing action of numerous agents of the Attorney General of South Carolina and the lack of due process by the Supreme Court of South Carolina." (ECF No. 1 at 2.) He alleges, as he has in prior cases before this Court,[1] that the Attorney General has suppressed favorable evidence in his state criminal case, and that Defendants "Agents of the Attorney General" have "ignored that Plaintiff had been poisoned, was incompetent." (*Id.*) Plaintiff complains that Defendants have ordered "employees to violate Plaintiff's constitutional rights." (*Id.*) He states that, when he sought help directly from

---

[1] This Court may take judicial notice of its own records. *See Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (district court clearly had the right to take notice of its own files). Plaintiff's complaints in the instant action are very similar to his complaints in *Smart v. Wilson*, Civ. A. No. 2:11-cv-02087-GRA (D.S.C.).

Defendant Haley, she did not respond to him, thus "showing Plaintiff 'intentional indifference' for a wrongful conviction and constitutional violations." (*Id.*) Plaintiff adds that his four criminal attorneys were "intentionally ineffective, showing a conflict of interest because of the Attorney General's office." (*Id.*)

Plaintiff claims that he is bringing this suit as one under the Americans with Disabilities Act as he "was unable to think, talk, or remember and could barely hear while being tried and later." (*Id.* at 5.) Plaintiff accuses prosecutor Tommy Pope of having him fired from his job in 1999. (*Id.* at 27–28.) He accuses "Brad Crenshaw" of covering up his poisoning, and that Crenshaw "presented a rubber stamped indictment to the jury and Court of South Carolina and did this 'under the color of law' with 'intentional indifference' to Plaintiff's and public safety and used 'improper means' to obtain a conviction," all in violation of Plaintiff's constitutional rights. (*Id.* at 28.) Plaintiff seeks both injunctive relief and monetary damages.

### *Pro Se* Review—Filing Fee Paid

This Court is required to liberally construe *pro se* documents, holding them to a less stringent standard than those drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The mandated liberal construction afforded to *pro se* pleadings means that, if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up

questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Moreover, even when the filing fee is paid, the Court possesses the inherent authority to dismiss frivolous complaints. *See Ross v. Baron*, 493 F. App'x 405 (4th Cir. 2012); *see also Mallard v. U.S. Dist. Court*, 490 U.S. 296, 307–08 (1989) ("Section 1915(d) ... authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision.").

## Discussion

Plaintiff purports to bring his most recent case pursuant to the Americans with Disabilities Act of 1990, 104 Stat. 328, 42 U.S.C. §§ 12101–213 (the "ADA").[2] Congress enacted the ADA "to remedy widespread discrimination against disabled individuals" after concluding "that there was a 'compelling need' for a 'clear and comprehensive national mandate' to eliminate discrimination against disabled individuals, and to integrate them 'into the economic and social mainstream of American life.'" *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 675 (2001) (quoting S. Rep. No. 101-16, p.20 (1989)). The court construes Plaintiff's claims as brought pursuant to Title II of the ADA, which covers discrimination by government entities. Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any

---

[2] The ADA does not recognize a cause of action against a private individual, only against public entities, so Plaintiff cannot proceed against Defendants in their individual capacities. *See Baird ex rel. Baird v. Rose*, 192 F.3d 462, 471 (4th Cir. 1999); *see also Jones v. Sternheimer*, 387 F. App'x 366 (4th Cir. 2010) (Title III of the ADA). Thus, Plaintiff's claims would be treated as claims against the state agency that employs Defendants. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

3

such entity." 42 U.S.C. § 12132. Under the ADA, Congress has mandated that "[a] public entity shall furnish appropriate auxiliary aids and services where necessary to afford individuals with disabilities, . . . an equal opportunity to participate in, and enjoy the benefits of, a service, program, or activity of a public entity." 28 C.F.R. § 35.160(b)(1). To establish a violation of Title II of the ADA, Plaintiff must demonstrate that "(1) [he] has a disability, (2) [he] is otherwise qualified to receive the benefits of a public service, program, or activity, and (3) [he] was excluded from participation in or denied the benefits of such service, program, or activity, or otherwise discriminated against, on the basis of [his] disability." *Constantine v. George Mason Univ.*, 411 F.3d 474, 498 (4th Cir. 2005).

Plaintiff cannot proceed with his claims in this case as they are barred by the applicable statute of limitations. The ADA does not contain a specific limitation period. When a federal statute contains no limitations period, Congress has directed courts to borrow the most appropriate state statute of limitations to apply to the federal claim.[3] 42 U.S.C. § 1988 (codifying the "common-law borrowing" doctrine with respect to federal civil rights actions); *see also A Society Without A Name v. Virginia*, 655 F.3d 342, 347 (4th Cir. 2011) (applying § 1988). With regard to ADA cases, courts in this district have determined that the South Carolina Human Affairs Law, S.C. Code Ann. § 1-13-10, et seq., is the most analogous state statutory scheme and, thus, have borrowed its one-year statute of limitations. *See, e.g.*, *Mestrich v. Clemson Univ.*, C/A No. 8:12-cv-2766-TMC, 2013 WL 842328 (D.S.C. Mar. 6, 2013); *Finch v. McCormick Corr. Inst.*, C/A No. 4:11-cv-858-JMC-

---

[3] "Although 'Congress enacted a catchall 4-year statute of limitations for actions arising under federal statutes enacted after December 1, 1990,'" the ADA was enacted on July 26, 1990. *A Society Without A Name v. Virginia*, 655 F.3d 342, 347 (4th Cir. 2011) (citations omitted).

4

TER, 2012 WL 2871665 (D.S.C. June 15, 2012). Although the applicable statute of limitations is borrowed from state law, federal law controls the determination of when a cause of action accrues. *A Society Without A Name*, 655 F.3d at 347. "A civil rights claim accrues when the plaintiff 'knows or has reason to know of the injury which is the basis of the action.'" *Id.* (quoting *Cox v. Stanton*, 529 F.2d 47, 50 (4th Cir. 1975)).

In his Complaint in this case, Plaintiff writes, "In January 2004, Plaintiff filed a civil action against Spartanburg Steel Products for wrongful termination in 1999.[4] . . . Plaintiff argued . . . that he was *incompetent from being poisoned under the American with Disabilities Act.*" (ECF No. 1 at 4 (emphasis added).) Thus, since at least January 2004, Plaintiff has known of the injury which forms the basis of the instant case. Accordingly, the applicable statute of limitations bars Plaintiff from bringing this action almost ten years later.

## Recommendation

Accordingly, it is recommended that the district judge dismiss the Complaint in the above-captioned case without prejudice.

s/Bruce Howe Hendricks
United States Magistrate Judge

March 21, 2014
Charleston, South Carolina

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[4] *See Smart v. Spartanburg Steel Prods.*, C/A No. 7:04-1341-13BI, 2005 WL 2373912 (D.S.C. Feb. 17, 2005).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).